70 F.3d 746
 64 USLW 2416
 UNITED STATES of America, Appellee,
v.
Olanekan YEMITAN, also known as Jimmy, also known as Zimmy,
Adrian Hamilton and Carlton Legall, Defendants-Appellants,
Jewell Sigmone; Leroy Pantophlet; Derrick Berkeley; Fonte
Sample; and Jerry Rodriguez, also known as Jose
Behal, Defendants.
 No. 600, Dockets 95-1352(L), 95-1402 and 95-1432.
 United States Court of Appeals,
Second Circuit.
 Submitted Aug. 22, 1995.
Decided Nov. 30, 1995.
 
 David Wikstrom, New York City; John J. Molloy, West Seneca, NY; John Humann, Buffalo, NY (Federal Public Defender, Buffalo, NY), for Defendants-Appellants.
 Thomas S. Duszkiewicz, Buffalo, NY (U.S. Attorney's Office, Western District of New York, Buffalo, New York), for Appellee.
 Before: NEWMAN, Chief Judge, JACOBS and PARKER, Circuit Judges.
 JACOBS, Circuit Judge:
 
 
 1
 The defendant has executed a plea agreement in which he and the government undertook to take no appeal from a sentence that falls within a range of 120 to 135 months imprisonment. The sentence imposed was 135 months, and defendant filed an appeal on the ground that the district court failed in its duty under 18 U.S.C. Sec. 3553(c)(1) to adduce reasons for imposing that specific sentence, thereby rendering the sentence illegal and the plea agreement unenforceable. The Government moves to dismiss the appeal, citing the plea agreement. We grant the Government's motion and dismiss the appeal.
 
 BACKGROUND
 
 2
 On June 21, 1994, defendant Carlton Legall was arrested with several others for conspiracy to import heroin into the United States. On March 6, 1995, Legall pleaded guilty pursuant to a written plea agreement to one count of conspiracy to import a controlled substance, an offense which carries a minimum sentence of ten years imprisonment. 21 U.S.C. Secs. 963, 960(b)(1)(A).
 
 
 3
 In Section II of the plea agreement, the parties agreed that the base offense level for the Guidelines applicable to the offense of conviction is 36; that a two-level downward adjustment is applicable to reflect defendant's minor role in the offense; and that the government would not oppose a recommendation that the court apply a three-level downward adjustment for acceptance of responsibility. Considering this defendant's criminal history category of I, the parties recorded their understanding (in paragraph 10) that the resulting offense level would be 31, that the sentencing range for imprisonment at that offense level would be 108 to 135 months, but that the defendant would remain subject to the statutory maximum and minimum penalties--ten years to life imprisonment.
 
 The parties further agreed that:
 
 4
 [N]either party will appeal a sentence imposed by the Court which falls within the sentencing range set forth in Section II, paragraph 10 above, notwithstanding the fact that the Court may reach that range by a Guidelines analysis different from that set forth in this agreement.
 
 
 5
 On June 2, 1995, the district court accepted the plea and sentenced the defendant to 135 months of imprisonment, 5 years supervised release, and $50 special assessment. Judgment was entered June 7, 1995. Defendant filed a timely notice of appeal on June 12, 1995. On July 28, 1995, the Government filed this motion to dismiss the appeal.
 
 DISCUSSION
 
 6
 Plea agreements are construed according to contract law principles. United States v. Salcido-Contreras, 990 F.2d 51, 52 (2d Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993). See also Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984) (plea bargain is like any other bargained-for exchange); Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627-28, 52 L.Ed.2d 136 (1977) (plea bargains must be enforced to secure benefits conferred on defendant, prosecution, and public); Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498-99, 30 L.Ed.2d 427 (1971) (bargained-for promise by prosecutor must be fulfilled). In Salcido-Contreras, the defendant argued that the district court's reasons for imposing the sentence contradicted the conclusions set forth in the plea agreement. We held that, once a sentence is imposed that conforms to the parameters of a plea agreement entered into knowingly and voluntarily, the agreement is enforceable:
 
 
 7
 In no circumstances ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.
 
 
 8
 Salcido-Contreras, 990 F.2d at 52-53. Similarly, in United States v. Rivera, 971 F.2d 876 (2d Cir.1992), two defendants filed appeals claiming that the sentencing court failed to make certain downward departures based on criminal history and cooperation with the government. After ascertaining that the sentences imposed fell within the range specified in their plea agreements, we held that defendants had waived their right to appeal, without inquiry into the merits of defendants' contentions. Rivera, 971 F.2d at 896.
 
 
 9
 It is undisputed that Legall entered into his plea agreement knowingly and voluntarily. The agreement explicitly provided that neither party would appeal a sentence which falls within the range of 108 to 135 months imprisonment (subject to the statutory minimum and maximum), and the district court in fact imposed a sentence within this range. Under the rule in Salcido-Contreras, defendant is bound by his undertaking in the plea agreement.
 
 
 10
 Defendant contends that the plea is unenforceable because the district court's sentence was illegal under 18 U.S.C. Sec. 3553(c)(1). That provision, which applies to the offense of conviction, requires a sentencing court to state the reasons for imposing the particular sentence if the applicable range is wider than 24 months.[1] See United States v. Sasso, 59 F.3d 341, 352-53 (2d Cir.1995). Although the difference between the mandatory minimum (120 months) and the top of the sentencing range (135 months) is less than 24 months, defendant contends that 18 U.S.C. Sec. 3553(c)(1) refers to the Guidelines range considered without reference to the mandatory minimum (i.e., 108 to 135 months). Defendant argues that since this range does exceed the 24-month span, the court erred in imposing its sentence without a specification of reasons. The evident object of this challenge is to achieve a resentencing to a shorter term of imprisonment. We conclude that the plea agreement forecloses this appeal. Only the dismissal of this appeal will afford the prosecution the benefit of its bargain.
 
 
 11
 Our dismissal of this appeal is entirely consistent with 18 U.S.C. Sec. 3742. Section 3742(a) enumerates grounds on which "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence...." One of these grounds, specified in subsection 3742(a)(1), is that the sentence "was imposed in violation of law." Subsection 3742(c)(1) specifically addresses the appellate rights of a defendant who has executed a plea agreement that includes a specific sentence, and it forecloses appeals under subsections Sec. 3742(a)(3) and (4), "unless the sentence imposed is greater than the sentence set forth in such agreement." Thus read together, these provisions do permit a defendant to appeal a sentence "imposed in violation of law" under Sec. 3742(a)(1), even if that sentence was imposed pursuant to a plea agreement that includes a specific sentence.
 
 
 12
 We conclude, however, that this right to appeal is not unwaivable under subsection 3742(c)(1), and that this defendant has waived it. If this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants. Nothing in the language of section 3742 compels such a result. Other courts of appeal have so held, and we agree. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992) (even assuming district court erred as alleged, knowing and voluntary waiver of right to appeal foreclosed review of sentence conforming to plea agreement); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) (defendant cannot circumvent express waiver of right to appeal sentence that falls within range specified in plea agreement by alleging misapplication of Sentencing Guidelines). See also United States v. Smith, 918 F.2d 664, 669 n. 1 (6th Cir.1990) (absence of explicit waiver preserves defendant's right to appeal under section 3742), cert. denied, 498 U.S. 1125, 111 S.Ct. 1088, 112 L.Ed.2d 1192 (1991).
 
 
 13
 We do not hold that the waiver of appellate rights forecloses appeal in every circumstance. "[A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." Marin, 961 F.2d at 496. Plea agreements are subject to the public policy constraints that bear upon the enforcement of other kinds of contracts. See United States v. Jacobson, 15 F.3d 19, 22-23 (2d Cir.1994) (refusing to find waiver from arguably unconstitutional use of naturalized status as basis of sentence). At some point, one that is not approached here, an arbitrary practice of sentencing without proferred reasons would amount to an abdication of judicial responsibility subject to mandamus, particularly since one purpose served by the requisite statement of reasons is to facilitate collection of sentencing data, see S.Rep. No. 225, 98th Cong., 1st Sess. 80 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3263. Similarly, a sentence tainted by racial bias could not be supported on contract principles, since neither party can be deemed to have accepted such a risk or be entitled to such a result as a benefit of the bargain. This case does not present such extraordinary circumstances, and we conclude that defendant's waiver of his right to appeal must be enforced.
 
 
 14
 For these reasons, the Government's motion is granted, and Legall's appeal is dismissed.
 
 JON O. NEWMAN, Chief Judge, dissenting:
 
 15
 I respectfully dissent because I do not agree that the defendant's plea agreement waived the claim that the sentencing judge violated a statutory requirement.
 
 
 16
 I. The Government's plea agreement with defendant Carlton Legall specifies that neither party will appeal a sentence that "falls within the sentencing range set forth in Section II, paragraph 10 above, notwithstanding the fact that the Court may reach that range by a Guidelines analysis different from that set forth in this agreement." The applicable guideline range was 108 to 135 months, and Legall's sentence was 135 months, within the applicable range. Thus, there is obviously a surface plausibility to the Court's view that the waiver of appeal has been triggered. We have long held, however, that plea agreements are to be strictly construed, see Innes v. Dalsheim, 864 F.2d 974, 978-79 (2d Cir.1988) ("[T]he state must bear the burden for any lack of clarity in the agreement and ambiguities should be resolved in favor of the defendant."), cert. denied, 493 U.S. 809, 110 S.Ct. 50, 107 L.Ed.2d 19 (1989), and waivers of important rights are not to be lightly inferred, see United States v. Stevens, 66 F.3d 431, 436-37 (2d Cir.1995); Felder v. United States, 429 F.2d 534, 535 (2d Cir.), cert. denied, 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970).
 
 
 17
 There are at least three ways to interpret the waiver provision in Legall's plea agreement when the sentence imposed falls within the applicable range. One way is that no appeal is available, no matter what constitutional, statutory, or Sentencing Guidelines provision the sentencing judge might have violated in selecting a sentence within the applicable range. A second way is that an appeal is waived except under extraordinary circumstances. A third way is that an appeal is waived only for Guidelines challenges that concern the merits of the sentence.
 
 
 18
 The Court rejects the first interpretation and instead chooses the second one, leaving open in future cases, under a similar waiver provision, the opportunity for an appeal where there are "extraordinary circumstances."[1] I believe that under the law of this Circuit the waiver provision is to be construed more narrowly to bar an appeal only of Guidelines issues that affect the merits of the sentence. See United States v. Jacobson, 15 F.3d 19 (2d Cir.1994). Using language nearly identical to that found in Legall's plea agreement, the waiver-of-appeal provision in Jacobson provided that "neither party will appeal a sentence by the Court that falls within the sentencing ranges calculated above, ... even should the Court and/or Probation Department reach that sentencing range by a Guidelines analysis different from that set forth above." 15 F.3d at 23 n. 1. Though the holding of Jacobson is that this provision did not waive a constitutional claim that the sentence was based on an impermissible use of the defendant's status as a naturalized citizen, our Court's opinion stated, "[W]e read the [plea] agreement narrowly and hold that the present appeal, which raises no Guidelines issues, has not been waived." Id. at 23 (emphasis added). The plain import of this language is that a provision (a) waiving an appeal where the sentence falls within an agreed guideline range and (b) worded so as to refer to guidelines calculations should be interpreted to waive only Guidelines issues that affect the merits of the sentence.
 
 
 19
 Like the waiver provision in Jacobson, Legall's plea agreement includes the phrase "notwithstanding the fact that the Court may reach that range by a Guidelines analysis different from that set forth in this agreement." Thus, if the sentencing judge had used a base offense level other than 36 and had made adjustments other than the two downward adjustments for minor role and acceptance of responsibility and had still reached an applicable guideline range of 108 to 135 months, I fully agree that the defendant would not have been able to appeal to challenge the guideline calculation.
 
 
 20
 However, there is no reason to read the waiver more broadly to apply to all violations of statutory requirements, beyond those that might satisfy the Court's definition of "extraordinary circumstances." Congress wanted sentencing judges to specify their reasons for selecting a particular sentence within any range greater than 24 months. In the absence of a clear indication that the sentencing appeal waiver covers all statutory protections, we should read Legall's plea agreement to waive only his right to appeal Guidelines issues that affect the merits of his sentence. The Court's broader interpretation disregards the limiting language of Jacobson and needlessly closes the appellate courtroom door to substantial claims of statutory sentencing violations.
 
 
 21
 It is true, of course, that Legall wishes to challenge the judge's failure to comply with the procedural requirement of section 3553(c) in the ultimate hope that compliance with this statute will result in a lower sentence. That expectation would apply, however, to every appeal alleging a constitutional or statutory violation, even those that would fall within the Court's permitted category of "extraordinary circumstances." Nevertheless, an appeal should be allowed so long as it does not raise Guidelines issues that affect the merits of the sentence, even though statutory compliance might lead to a lower sentence.
 
 
 22
 Our prior decisions enforcing appeal waivers have not gone so far as to encompass waivers of statutory compliance. In United States v. Salcido-Contreras, 990 F.2d 51 (2d Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993), we enforced a waiver by a defendant challenging the substantive merit of the reasons given for the sentence. In United States v. Pipitone, 67 F.3d 34 (2d Cir.1995), and United States v. Rivera, 971 F.2d 876 (2d Cir.1992), we held a waiver applicable to a challenge to the sentencing judge's decision not to make a downward departure. We explicitly noted in Salcido-Contreras that the waiver applied to the "merits" of the sentence. 990 F.2d at 53.
 
 
 23
 In opting for a broad interpretation of the scope of the waiver, the Court expresses the concern that if the waiver does not encompass Legall's statutory claim of procedural irregularity, "the covenant not to appeal becomes meaningless." 70 F.3d at 748. On the contrary, construing the waiver to forgo only Guidelines challenges to the merits of the sentence still spares the Government the need to resist a host of challenges that might otherwise be made to Guideline calculations, including selection of the proper base offense level, imposition of a variety of enhancing adjustments, and failure to accord a variety of mitigating adjustments.
 
 
 24
 Whatever the ultimate outcome of the controversy concerning the scope of a sentence appeal waiver, both in this Circuit and elsewhere, defense counsel should now be alerted to the risk that a waiver may be construed more broadly than they might have intended, and all those negotiating appeal waiver provisions in plea agreements should be careful to use language that carries out their precise intentions.
 
 
 25
 II. Though the appeal is being dismissed, I deem it appropriate to comment briefly on the merits--whether the sentencing judge was required to comply with section 3553(c)'s requirement to state reasons for selecting a specific sentence within the guideline range. In imposing sentence, the District Court checked a box on the judgment form indicating a view that the applicable guideline range did not exceed 24 months. Since the applicable guideline range was 27 months--108 to 135 months, it is reasonable to infer that the District Judge was accepting the argument, advanced by the Government on this appeal, that the mandatory minimum sentence of 120 months, required by statute, narrowed the applicable guideline range to 15 months--120 to 135 months. If this argument were correct, the statutory requirement that the sentencing judge must specify reasons for selecting a sentence at a point within a range greater than 24 months would be inapplicable.
 
 
 26
 In my view, the Government's argument is not correct and rests on a fundamental misconception of the relationship between Sentencing Guidelines and statutory sentencing minimums. The Sentencing Guidelines are the primary source of guidance for imposing federal sentences. To whatever extent Congress sees fit to enact statutory sentencing minimums, it is imposing an overriding requirement to be observed after the guideline sentencing process has been completed. The sentencing judge is obliged to determine the appropriate sentence, one that comports with the guideline system and that is fair and just. If the guideline sentence would be less than a statutory sentencing minimum, the judge is of course required to raise the guideline sentence to the statutory minimum. Only by observing this relationship between the Guidelines and the statutory minimums will we understand the true effect of mandatory minimum sentencing provisions and thereby provide the Sentencing Commission, the Congress, and ultimately the public with a sound basis for evaluating mandatory sentencing minimums.
 
 
 27
 The Government's argument permits the 120-month statutory minimum to raise the 108-month minimum of the applicable guideline range. But the guideline range remains unamended, and any defendant to whom it applies is entitled to have the sentencing judge comply with the requirement of section 3553(c)(1) to specify the reasons for selecting a particular sentence within a range greater than 24 months. Once that sentence has been selected in conformity with applicable law, any higher statutory mandatory minimum overrides the selected sentence and obliges the sentencing judge to sentence at the mandatory minimum.
 
 
 28
 The Government's approach denies everyone the needed opportunity to know the extent to which mandatory minimum sentences are enhancing guideline sentences in all cases in which the mandatory minimum falls within the applicable guideline range. Section 3553(c) requires the sentencing judge to state reasons for the sentence imposed, and I respectfully dissent from the Court's refusal to allow the appellant to present this issue on appeal.
 
 
 
 [1]
 In the "Statement of Reasons" part of the form for the judgment, dated June 6, 1995, the district court indicated that the offense level is 31 (as agreed to in the plea agreement) and that the sentencing range is 120 months (the statutory minimum for defendant's offense) to 135 months (the maximum for offense level 31). The court then checked the box that corresponds to the following finding: "The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines."
 
 
 [1]
 The Court appears to reason, preliminarily, that the right to appeal, protected by 18 U.S.C. Sec. 3742(a), combined with the appeal-foreclosing provisions of 18 U.S.C. Sec. 3742(c)(1), leaves a defendant free to appeal a sentence higher than a specific sentence agreed to in a plea agreement, but that this appellate right is waivable. In my view, a defendant like Legall has appellate rights wholly unaffected by section 3742(c)(1); that provision precludes an appeal only where the plea agreement provides for "a specific sentence," see also Fed.R.Crim.P. 11(e)(1)(C), whereas Legall's agreement provides for an unspecified sentence within an agreed range