101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Robert BROOK, Walter Hines; Rafael Scifo, aka Ralph;
Richard Notarmuzi, aka Ricky; John Serpentilli; George
Milo; Raymond Otley; Anthony O'Donnell, aka Tony;
Salvatore Guastella, aka Sal; Glenn Schaeffer, Defendants,
Edward Fahey, aka Eddie, Defendant-Appellant.
 No. 95-1593.
 United States Court of Appeals, Second Circuit.
 May 22, 1996.
 
 APPEARING FOR APPELLANT: Kenneth A. Paul, New York, NY.
 APPEARING FOR APPELLEE: Cari S. Robinson, Assistant United States Attorney for the Southern District of New York, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before LUMBARD, MESKILL, MINER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record and was submitted.
 
 
 2
 Defendant-appellant Edward Fahey appeals from a judgment entered in the United States District Court for the Southern District of New York (Preska, J.) convicting him, upon a plea of guilty, of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951, interference with commerce by robbery and extortion, in violation of 18 U.S.C. § 1951, and conspiracy to receive and possess stolen goods, in violation of 18 U.S.C. § 371. The district court sentenced Fahey to a 151-month term of imprisonment, a three-year term of supervised release, restitution in the amount of $15,000, and a $150 special assessment.
 
 
 3
 On March 4, 1993, Fahey and his co-conspirators hijacked a United Parcel Service ("UPS") truck in Manhattan. They drove the truck to Brooklyn, where they unloaded over $2 million in stolen goods. On July 14, 1993, Fahey was indicted for his participation in the robbery. Fahey, however, left New York, and federal officials were unable to locate him. In October of 1994, Fahey was arrested in Georgia on unrelated charges, but he gave the authorities a false name and avoided apprehension on the UPS robbery charges. Fahey eventually was arrested for the UPS robbery on January 12, 1995.
 
 
 4
 On June 5, 1995, Fahey entered into a plea agreement with the government in which he agreed to plead guilty to three of the four counts in the superseding indictment. Under the plea agreement, the parties agreed that Fahey should receive a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but there was no agreement as to whether Fahey was entitled to an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)(2). Fahey also agreed under the plea agreement not to appeal any restitution order equal to or less than $2.1 million.
 
 
 5
 Fahey pleaded guilty in accordance with the plea agreement. On October 5, 1995, at sentencing, the district court awarded Fahey a two-point downward adjustment for acceptance of responsibility, but refused to grant an additional one-level reduction under § 3E1.1(b)(2). The district court also imposed a restitution order in the amount of $15,000.
 
 
 6
 On appeal, Fahey argues that the district court erred in refusing to grant him an additional one-level downward adjustment for acceptance of responsibility under § 3E1.1(b)(2). We disagree. Section 3E1.1(b)(2) provides for an additional one-level reduction if the defendant "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." Whether an additional one-level reduction should be granted under § 3E1.1(b) "is committed to the discretion of the district court." United States v. Booth, 996 F.2d 1395, 1397 (2d Cir.1993).
 
 
 7
 In United States v. Harris, 38 F.3d 95 (2d Cir.1994), cert. denied, 115 S.Ct. 1269 (1995), we stated that "[a]ll [of a defendant's] conduct before the plea may be relevant to a defendant's acceptance of responsibility." Id. at 99. In the present case, the district court refused to grant an additional one-level downward adjustment because it found that Fahey had not voluntarily surrendered to authorities in a timely manner after committing the UPS robbery. At sentencing, Fahey's counsel acknowledged that Fahey "didn't sit at home waiting for the authorities to come and arrest him," but instead that he "removed himself from the jurisdiction of the state and proceeded to work at various jobs at different locations outside the state." Because Fahey did not sufficiently manifest acceptance of responsibility following the robbery, the district court properly exercised its discretion in refusing to grant an additional one-level reduction.
 
 
 8
 We also reject Fahey's contention that the district court erred in not providing reasons for its $15,000 restitution order. In United States v. Yemitan, 70 F.3d 746 (2d Cir.1995), we held that a defendant "is bound by his undertaking in the plea agreement," and that "[o]nly the dismissal of [the] appeal will afford the prosecution the benefit of its bargain." Id. at 747-48. Under his plea agreement, Fahey agreed not to appeal a restitution order equal to or less than $2.1 million. Fahey does not show that the plea agreement is unenforceable due to any public policy constraints, see id. at 748, and, therefore, he is bound by that agreement. Accordingly, Fahey waived his right to appeal the restitution order.