104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Eva Trinidad FALCONI, also known as Eva Gomez, Defendant-Appellant.
 No. 96-1255.
 United States Court of Appeals, Second Circuit.
 Nov. 8, 1996.
 
 Jerald Levine, Jackson Hts., N.Y. Kelly A. Moore, Assistant United States Attorney, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before Honorable Wilfred Feinberg, Honorable Pierre N. Leval, Honorable Fred I. Parker, Circuit Judges.
 
 
 1
 Eva Trinidad Falconi appeals from her sentence after a guilty plea under a plea agreement that included a waiver of her right to appeal. She pleaded guilty to conspiracy to import cocaine, as a recruiter of drug couriers, and was sentenced to 151 months in prison, 5 years of supervised release, and a special assessment of $50.
 
 
 2
 Falconi contends that her appeal is not barred by the waiver in her plea agreement because the sentence was tainted by ethnic bias. She further asserts the right to appeal her sentence as illegal because the sentencing judge failed to state on the record his "reason for imposing a sentence at a particular point within the [applicable guideline] range" (here, the minimum) as required by 18 U.S.C. § 3553(c)(1). She also argues that the district judge erroneously believed he had no jurisdiction to depart downward for Falconi's "minor role" in the offense. Finally, Falconi protests the district judge's failure to grant a downward departure for special family circumstances and argues that there was insufficient evidence to find her responsible for the amount of drugs with which she was charged.
 
 
 3
 Finding no reason to reverse, we affirm the judgement of the district court in all respects.
 
 
 4
 Although it is true that the appeal waiver would not bar appeal from a sentence imposed with ethnic bias, United States v. Jacobson, 15 F.3d 19, 22-23 (2d Cir.1994), there is no showing here that the sentencing judge was biased.
 
 
 5
 Falconi claims the sentence was technically illegal under 18 U.S.C. § 3553(c)(1) because Judge Trager did not state on the record specific reasons for imposing the minimum sentence within the applicable range. She argues that because she did not specifically waive her right to appeal an "illegal" sentence, her waiver does not bar this claim. Falconi is incorrect. We held in United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir.1995) that a claim of failure to give reasons for a particular sentence under § 3553(c)(1) is barred by a general waiver of appeal. Furthermore, as Judge Trager imposed the minimum within the applicable range, any such error was harmless.
 
 
 6
 As for Falconi's argument that Judge Trager did not understand his entitlement to give her a minor role adjustment, Judge Trager merely commented that her conduct soliciting couriers did not justify such a finding. Rather, Judge Trager found that Falconi's role warranted a three-level enhancement. That finding is not clearly erroneous, and in any case, her claim is barred by her waiver of appeal, as are her remaining claims.
 
 
 7
 The judgement is affirmed.