104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Alvaro GOMEZ, Defendant-Appellant.
 No. 96-1236.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1996.
 
 Appearing for Appellant: David N. Yellen, Wayne, PA.
 Appearing for Appellee: Kelly Anne Moore, Ass't U.S. Att'y, EDNY, Brooklyn, NY
 E.D.N.Y.
 DISMISSED.
 Before KEARSE, WINTER and ALTIMARI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed.
 
 
 3
 Defendant Alvaro Gomez appeals from a judgment entered in the United States District Court for the Eastern District of New York, following his plea of guilty before John Gleeson, Judge, convicting him on one count of conspiracy to possess and distribute narcotics, in violation of 21 U.S.C. § 846. He was sentenced principally to 57 months' imprisonment, to be followed by a five-year term of supervised release. On appeal, Gomez contends principally that the district court improperly enhanced his sentence pursuant to Sentencing Guidelines ("Guidelines") § 3C1.1, which Gomez contends was inapplicable, and without proper notice and findings. The government, noting that the 57-month sentence was within the 57-71-month range found applicable by the district court, contends that Gomez's appeal is barred by his plea agreement. For the reasons stated below, we agree with the government and dismiss the appeal.
 
 
 4
 A defendant's knowing and voluntary plea bargain with the government pursuant to which the defendant agrees to refrain from filing an appeal if the sentence imposed on him by the court falls within the applicable Guidelines range as determined by the court, is enforceable. See, e.g., United States v. Yemitan, 70 F.3d 746, 748 (2d Cir.1995); United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir.) (per curiam), cert. denied, 509 U.S. 931 (1993); United States v. Rivera, 971 F.2d 876, 896 (2d Cir.1992). Gomez's agreement in this case is enforceable and bars the present appeal.
 
 
 5
 The written plea agreement stated that "[t]he defendant agrees not to file an appeal in the event that the Court imposes a sentence within or below the applicable Sentencing Guidelines range as determined by the Court." Any suggestion that this agreement was not knowing or voluntary is belied by the record. Upon questioning by the court, Gomez stated that he understood that he agreed that he would not appeal a sentence imposed within the Guidelines range as determined by the court "even if that turn[ed] out to be higher than what [Gomez] expect[ed] or hope[d] for."
 
 
 6
 Nor do we see any ambiguity in the plea agreement. The agreement specified that Gomez would not appeal a sentence within the applicable Guidelines range "as determined by the Court." That language forecloses an appeal contending that the court erred in determining the applicable range. We reject Gomez's contention that the agreement could reasonably be read as not promising that Gomez would forgo appeal of any sentence that he might contend was "illegal." Acceptance of that contention would make his agreement entirely meaningless, for the Sentencing Reform Act itself, to the extent pertinent here, does not permit an appeal of a sentence that is within the applicable Guidelines range unless it is imposed "in violation of law," see 18 U.S.C. § 3742(a).
 
 
 7
 Finally, although we stated in United States v. Yemitan that a defendant who contractually waives his right to appeal "does not subject himself to being sentenced entirely at the whim of the district court," 70 F.3d at 748 (internal quotation marks omitted), and could obtain review if the court followed "an arbitrary practice of sentencing without prof[fe]red reasons," which would amount to "an abdication of judicial responsibility," id., Gomez has pointed to no arbitrariness in the present case. The court increased Gomez's offense level pursuant to Guidelines § 3C1.1 because it found that his testimony, given in an effort to obtain a lower sentence, was false, and the court indicated its view that the falsity was deliberate because Gomez "does not want to inculpate Mr. Olarte" and "wants ... to protect Mr. Olarte." We see no basis for relieving Gomez of his agreement not to appeal.
 
 
 8
 We have considered all of Gomez's arguments in support of appealability and have found them to be without merit.
 
 
 9
 The appeal is dismissed.