107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jack Kellers BARNES, a/k/a "Kelly"; Francisco C.
Cazarez-Paredes; Al Romero; "West Coast
Fashions"; Avericios Ioannou, a/k/a
"Archie"; Diane Arabia, Defendants,
Michael ANTONELLI, a/k/a Saled Deft. 1, Defendant-Appellant.
 No. 96-1397.
 United States Court of Appeals, Second Circuit.
 Jan. 10, 1997.
 
 1
 APPEARING FOR APPELLANT: Cheryl J. Sturm, West Chester, PA.
 
 
 2
 APPEARING FOR APPELLEE: Barbara D. Cottrell, Assistant United States Attorney, Northern District of New York, Albany, NY.
 
 
 3
 Before CARDAMONE, PARKER, Circuit Judges, WEXLER,* Senior District Judge.
 
 
 4
 Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge ).
 
 
 5
 This cause came to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel for the appellant and appellee.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Antonelli's appeal is dismissed.
 
 
 7
 Antonelli was indicted in May of 1995 for conspiracy to possess with intent to distribute and intent to distribute marijuana, and with the use of a firearm during the commission of a drug trafficking crime. The indictment was superseded in September 1995, and Diana Arabia, the mother of Antonelli's children, was added.
 
 
 8
 On February 20, 1996, Antonelli and Arabia both entered pleas of guilty. Antonelli's plea, which was accepted by the government, stipulates that in exchange for his plea, the government would recommend a sentence of probation for Arabia. His plea agreement also included a waiver of appeal of any judgment imposed. Arabia was sentenced to five years probation. Antonelli was sentenced to ten years imprisonment on the conspiracy count (count 1) and five years on the firearms count (count 2) to run consecutively to the sentence imposed on count one.
 
 
 9
 Included in Antonelli's plea agreement was a waiver of right to appeal "from any judgment of conviction." Such agreements are enforceable. United States v. Yemitan, 70 F.3d 746, 747 (2d Cir.1995); United States v. Salicido-Contreras, 990 F.2d 51, 51 (2d Cir.1993); United States v. Rivera, 971 F.2d 876, 896 (2d Cir.1992). Therefore, unless this waiver was in some way defective, Antonelli has waived his rights on this appeal.
 
 
 10
 Antonelli resists the waiver argument on two grounds. The first is that "[t]he waiver is meaningless in the legal sense because there is no such thing as a judgment of conviction from which a criminal defendant can take a direct appeal. The final judgment is known as a the judgment of sentence. A criminal defendant can appeal the judgment of sentence." Reply Br. at 2. Antonelli cites no authority for this proposition. Black's law dictionary contains no listing for "judgment of sentence," but the term does appear in the case law. E.g., United States v. Moore, 54 F.3d 92, 102 (2d Cir.1995). Black's does, on the other hand, contain an entry for "judgment of conviction." See Black's Law Dictionary 843 (6th ed.1994). This definition quotes Fed. R.Crim. Pro. 32(b) (now located at (d)): "A judgment of conviction must set forth the plea, the verdict or findings, the adjudication, and the sentence." Id. (emphasis added). Thus, under the federal rules a judgment of conviction includes a sentence. Antonelli waived his right to appeal his judgment of conviction: he therefore waived his right to appeal his sentence, a fortiori.
 
 
 11
 The second ground on which Antonelli attacks the waiver is that it is invalid because it prohibits an appeal based on ineffective assistance of counsel. Antonelli cites United States v. Ready, 82 F.3d 551, 555 (2d Cir.1996), for the proposition that such waivers are invalid. See Reply Br. at 2. Actually, Ready only cites, in passing, a Fifth Circuit case to this effect. See Ready, 82 F.3d at 555 (citing United States v. Henderson, 72 F.3d 463 (5th Cir.1995)). Even assuming arguendo that this rule is the law of the Second Circuit, it does not avail Antonelli here. Antonelli's claim is not one for ineffective assistance of counsel; therefore, he must be arguing that the clause banning an appeal on this ground voids the surrounding language regarding other appeals. Plea agreements are construed according to the principles of contract law. United States v. Yemitan, 70 F.3d 746, 747 (2d Cir.1995). Therefore, even if the clause of Antonelli's plea agreement that refers to waiver of appeal of ineffective assistance of counsel were found to violate public policy, that clause could be struck and the remaining ones still enforced.
 
 
 12
 At oral argument, counsel for Antonelli also appeared to rely on Ready as the basis for an argument that Antonelli was not properly apprised of the implications of his waiver of his right to appeal. However, counsel conceded that this line of argument was not advanced in her brief on this appeal. The appellant is required to advance all arguments in the appellate brief. Fed. R.App. P. 28(a)(6). While it is true that appellant cites Ready in the Issues section of the brief, see Appellant's Br. at iv, as well as in the Argument section in support of the ineffective-assistance-of-counsel argument, see supra, "citations" are not "arguments." Id. ("The argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." (emphasis added)). Failure to include an argument in the appellate brief waives the argument on appeal. See Frank v. United States, 78 F.3d 815, 832-33 (2d Cir.1996); see also United States v. Restrepo, 986 F.2d 1462, 1462-63 (2d Cir.1993). While "we may overlook a litigant's failure properly to present an issue on appeal in unusual circumstances," Frank, 78 F.3d at 833, no such unusual circumstances present themselves in this case. Therefore this argument is waived.
 
 
 13
 In addition, we have reviewed all of the appellant's other arguments, and find no merit in any of them. Therefore, even if the waiver were ineffective, the disposition of this appeal would not be altered. For the foregoing reasons, the appeal is dismissed.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation