17-4154-cr
United States v. Salmonson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
           RICHARD J. SULLIVAN,
                     <u>Circuit Judges</u>,
           EDWARD R. KORMAN,*
                     <u>District Judge</u>.

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                  17-4154-cr

GIOVANNI SALMONSON,

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**Defendant-Appellant.**

- - - - - - - - - - - - - - - - -X

FOR APPELLANT:                          Robert A. Culp, Garrison, NY.

FOR APPELLEE:                           Mary C. Baumgarten, Assistant
                                        United States Attorney, <u>for</u> James P.
                                        Kennedy, Jr., United States Attorney
                                        for the Western District of New York,
                                        Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED** in part and the judgment of the district court be **AFFIRMED** in part.

Giovanni Salmonson appeals from the judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>) sentencing him principally to 188 months' imprisonment after a guilty plea.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On August 25, 2017, Salmonson pleaded guilty to Counts One and Four of the operative indictment, charging him with violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute heroin) and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).   The written plea agreement contained an appeal waiver, pursuant to which Salmonson "waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range" set forth in the agreement, "notwithstanding the manner in which the Court determines the sentence." App'x at 27.

2

The plea agreement recites that Salmonson's total Guidelines offense level is 31, and that he is a career offender with a criminal history category of VI. The resulting sentencing range was 188 to 235 months' imprisonment. The district court imposed a sentence of principally 188 months' imprisonment.

On appeal, Salmonson argues that this Court should not enforce the appeal waiver in his plea agreement because (1) the district court abdicated its responsibility to obtain detailed information about the predicate convictions underlying Salmonson's career offender status; and (2) the waiver was not knowing and voluntary because Salmonson was not advised that the district court would fail to make a "meaningful inquiry" into the predicate convictions. Salmonson additionally argues that it was procedurally and substantively unreasonable to sentence him as a career offender because of the court's failure to conduct a detailed inquiry into the predicate offenses and the significant impact of that designation on his sentencing range. Finally, Salmonson argues that the district court failed to determine that there was a factual basis for the plea as required by Federal Rule of Criminal Procedure 11(b)(3).

1.      "[W]aivers of the right to appeal a sentence are presumptively enforceable," and "[e]xceptions to the presumption of the enforceability of a waiver occupy a very circumscribed area of our jurisprudence." United States v. Burden, 860 F.3d 45, 51 (2d Cir. 2017) (internal quotation marks and alterations omitted). This Court has recognized four principal grounds on which an appeal waiver "may be deemed unenforceable: (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court failed to enunciate any rationale for the defendant's sentence." Id. (internal quotation marks omitted).

Salmonson has failed to cite any relevant legal authority in support of his argument that a failure to conduct a detailed inquiry into his prior convictions renders his appeal waiver unenforceable. Moreover, none of the recognized grounds on which an appeal waiver may be deemed unenforceable is present here. Salmonson does not argue impermissible factors or government breach. As to the rationale for Salmonson's sentence, Salmonson acknowledged in the

plea agreement that his prior convictions, for assault and attempted criminal possession of a narcotic with intent to sell, qualified him as a career offender under Guidelines § 4B1.1(b)(1).   The court confirmed that Salmonson understood the point and had discussed it with his counsel.   The court then discussed the applicable Guidelines in detail, and confirmed Salmonson's understanding.   At sentencing, the court again discussed the applicable Guidelines, noting that "the defendant has at least two prior felony convictions of a crime of violence or a controlled substance offense," meaning that he "qualifies as a career offender."   App'x at 76.   The rationale for Salmonson's sentence, and his career offender status in particular, was thus made clear by the court.   There is no basis for claims of an abdication of the district court's responsibility to provide reasons for the sentence imposed.   See United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995).

Salmonson's argument that his appeal waiver was not made knowingly and voluntarily is belied by the record.   During the district court's careful and thorough explanation of the consequences of Salmonson's guilty plea during the plea hearing, the court read the appeal waiver to Salmonson and confirmed his understanding of that provision and the plea agreement as a whole.   Later, the court confirmed for a second time that Salmonson understood he would be unable to appeal a sentence within the Guidelines range set forth in the plea agreement.   This satisfied the court's obligation to "inform the defendant of, and determine that the defendant understands," the terms of the appeal waiver. Fed. R. Crim. P. 11(b)(1)(N).   Before the court accepted Salmonson's plea, Salmonson's counsel confirmed that he was satisfied the court complied with Rule 11.

Accordingly, the appeal waiver is enforceable, and Salmonson's appeal of his sentence is therefore dismissed.

**2.**   As the parties agree, Salmonson's argument that the district court failed to determine that there was a factual basis for the guilty plea falls outside the scope of the appeal waiver.   See United States v. Roque, 421 F.3d 118, 121 (2d Cir. 2005).   Because Salmonson did not raise this argument in the district court, we review the guilty plea for plain error.   Burden, 860 F.3d at 52.

4

Rule 11 requires the district court to "determine that there is a factual basis for the plea" before entering judgment on a guilty plea.   Fed. R. Crim. P. 11(b)(3).   "The overarching requirement is that the court assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty."   United States v. Garcia, 587 F.3d 509, 514 (2d Cir. 2009) (internal quotation marks omitted).   "[S]o long as the facts relied on are placed on the record at the time of the plea, the district court, in determining whether there was a factual basis for the plea, is free to rely on any facts at its disposal--not just the admissions of the defendant."   United States v. Maher, 108 F.3d 1513, 1524–25 (2d Cir. 1997) (internal quotation marks omitted).

At Salmonson's plea hearing, the government read the counts to which he was pleading guilty, listed the elements it would be required to prove should Salmonson proceed to trial, detailed the facts providing the basis for entry of the guilty plea (including the relevant conduct admitted by Salmonson in his written plea agreement), and explained how the government would prove those facts at trial.   The court confirmed that Salmonson understood each of those points. The court explicitly found that the plea was "supported by an independent basis of fact containing each of the essential elements of the offense charged."   App'x at 60.   We see no error, let alone plain error, with the district court's determination.

We have considered Salmonson's remaining arguments and conclude they are without merit.   Accordingly, the appeal of Salmonson's sentence is **DISMISSED** and the judgment of the district court is in all other respects **AFFIRMED**.

<div style="margin-left:40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>