*United States v. Branford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

v.

Joel Branford, AKA Joel Bransord, AKA Jose Cabeza,

> *Defendant-Appellant.*

_____

16-3891(L)
18-2728(Con)

**FOR DEFENDANT-APPELLANT:**     Joel Branford, pro se, Philipsburg, PA.

**FOR APPELLEE:**     David Abramowicz, Matthew Podolsky, Anna M. Skotko, Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney, Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as to Defendant-Appellant's challenge to his guilty plea, and that in all other respects the appeal is **DISMISSED**.

Defendant-Appellant Joel Branford, pro se, brings two appeals challenging his conviction for conspiracy to import cocaine from Panama to the United States. In exchange for the government dropping a separate charge, Branford pleaded guilty and waived his right to "file a direct appeal" or to "seek a sentence modification . . . of any sentence within or below the Stipulated Guidelines Range." App'x at 59. Although the district court sentenced him within the agreed-

2

upon sentencing range, Branford contends that (1) his guilty plea and appeal waiver were not knowing and voluntary, (2) the district court should have permitted him to withdraw his guilty plea, and (3) his guilty plea and appeal waiver did not waive certain "constitutional" arguments.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We begin with Branford's challenge to his guilty plea and waiver of appeal. A defendant's knowing and voluntary waiver of the right to appeal is enforceable. *See United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). While "plea agreements are to be applied narrowly and construed strictly against the Government," *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (internal quotation marks omitted), the exceptions to the presumption of enforceability are "very circumscribed," *Gomez-Perez*, 215 F.3d at 319. Importantly, if a defendant's guilty plea is knowing and voluntary, "[t]he cases are legion that a plea of guilty

---

[1] In his reply brief, Branford raises additional arguments involving ineffective assistance of counsel and violations under *Brady v. Maryland*, 373 U.S. 83 (1963), but we decline to consider issues raised for the first time in a reply brief. *See United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018).

to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects." *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965) (internal quotation marks and parentheses omitted).

Here, the record shows that Branford's appeal waiver and guilty plea were knowing and voluntary. At the plea colloquy, the district court found Branford to be competent after Branford confirmed that his mind was clear and that he understood the proceedings. In addition, the court detailed what rights Branford would forgo by pleading guilty – including the right to "appeal with respect to whether the government could use the evidence that it has against you or with respect to whether you did or did not commit this crime." App'x at 71. Branford then acknowledged – under oath – that he understood the court's description of the rights he would be giving up, and that he had read and understood the plea agreement, discussed the agreement with his attorney, and signed it. Branford also informed the court that no threat, force, or promise outside of the plea deal had induced him to plead guilty. After that thorough discussion, the district court summarized the elements of Branford's offense, and Branford pleaded guilty. Branford did not plead guilty blindly: As his plea deal put it, Branford "decided

4

to plead guilty because he is in fact guilty." *Id*. at 59.[2]

Branford nevertheless contends that his plea agreement and appeal waiver were defective because (1) his attorney provided ineffective assistance in advising Branford about his guilty plea and (2) the district court lacked venue, which Branford seems to equate with jurisdiction. But the district court rejected both arguments when denying Branford's motion to withdraw his plea and by no means erred, let alone abused its discretion, in doing so. *See United States v. Gonzalez*, 647 F.3d 41, 61 (2d Cir. 2011) (affirming denial of motion to withdraw where record was "bereft of any new facts that call into question [defendant's] plea" (internal quotation marks omitted)).

With respect to his claim of ineffective assistance of counsel, Branford asserts that his attorney, James Kousouros, failed to adequately investigate whether venue was proper and neglected to advise him on the subject. But based on his attorney's "fully credible" testimony, Supp. App'x at 572, the district court

---

[2] Branford also argues that his appeal waiver and guilty plea were not knowing and voluntary because the government did not prove his involvement in a January 2010 drug seizure during a post-plea sentencing hearing. But this argument has nothing to do with the voluntariness of his plea and the enforceability of his plea agreement, which pre-dated the sentencing hearing by more than a year.

found that Kousouros *did* counsel Branford on that issue – repeatedly, in fact. In advising Branford, Kousouros described the legal rules pertaining to venue and explained how the government's evidence – including shipping records indicating that drugs had passed through the Southern District's waters – met those requirements. *See* 28 U.S.C. § 112(b); *see also United States v. Ramirez-Amaya*, 812 F.2d 813, 816 (2d Cir. 1987) (concluding that venue was proper in the Southern District when a plane carrying drugs flew "over the Narrows, a body of water that lies within the joint jurisdiction of the Southern and Eastern Districts of New York"). Branford has not provided any reason to doubt the district court's credibility finding and has not otherwise shown that Kousouros's "representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Nor has Branford identified any jurisdictional defects in this case. Although Branford suggests that the district court lacked jurisdiction because of improper venue, "[v]enue is not jurisdictional." *United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001). Consequently, Branford's "objection as to venue [wa]s waived" when he entered a knowing and voluntary guilty plea and appeal waiver. *Id.*

6

So too were all the other objections Branford advances on appeal, including his challenge to the government's wiretap evidence, *see United States v. Pattee*, 820 F.3d 496, 508 (2d Cir. 2016), and his contention that the indictment failed to state an offense when it alleged insufficient facts about the charged crime, *see United States v. Rubin*, 743 F.3d 31, 35 (2d Cir. 2014). Branford's explicit waiver of appeal also shuts the door to any challenge to his sentence. *See United States v. Yemitan*, 70 F.3d 746, 747–48 (2d Cir. 1995).

We have considered all of Branford's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court as to Branford's challenge to his guilty plea and appeal waiver, and **DISMISS** the appeal as to all remaining arguments raised by Branford.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7