*United States v. Graham*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges*.

------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    24-292

LAIRON GRAHAM, AKA SHAH, AKA UNCLE SHAH, AKA UNC

> *Defendant-Appellant*,

KIMBERLY UDREA, THOMAS DEGREE, AKA TOMMY, JOSEPH WARD, JORDAN DAVIS, AKA LITTLE CORN, AKA BABY CORN, JOHNNY WILLIAMS, AKA DOUBLE R, JAMIE WASHINGTON, PATRICK SCHRECENGOST, AKA COUNTRY, ANTHONY GRAHAM, AKA UNCLE TONY,

> *Defendants*.

------------------------------------------------

For Appellee:                          TIFFANY H. LEE, Assistant United States Attorney, *on behalf of* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:               LUCAS ANDERSON, Of Counsel, Rothman, Schneider, Soloway & Stern, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal from the judgment of the district court is **DISMISSED**.

Defendant-Appellant Lairon Graham ("Graham") appeals from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*), entered on January 25, 2024, sentencing him to a 264-month (22-year) term of imprisonment[1] and a 10-year term of supervised release upon a guilty plea to (1) one count of conspiracy to possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851, all in violation of 21 U.S.C. § 846; and (2) four counts of sex trafficking by force or coercion, in violation of 18 U.S.C. § 1591(a)(1) and 1591(b)(1).  On appeal, Graham argues that he requires resentencing because his trial counsel rendered ineffective assistance by stipulating to treating Graham's prior conviction under New York law for third-degree robbery as a "serious violent felony" within the meaning of 21 U.S.C. § 841(b)(1).[2]  He is precluded from doing so by the appeal waiver in his

---

[1] President Joseph R. Biden Jr. subsequently commuted Graham's sentence to 150 months, leaving in place the term and all the conditions of supervised release. At oral argument, Graham renewed a motion to remand and order the district court to amend his sentence to reflect his post-commutation term of imprisonment.  That motion is denied.

[2] While Graham had originally raised a second argument on appeal, Graham acknowledged at oral argument and in a joint 28(j) letter submitted with the government that he was withdrawing his second argument due to the commutation of his sentence.  *See* Dkt. 41.

plea agreement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"This Court has repeatedly held a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020). We refuse to enforce such waivers only in certain exceptional circumstances that "occupy a very circumscribed area of our jurisprudence." *United States v. Borden*, 16 F.4th 351, 354–55 (2d Cir. 2021) (internal quotation marks and citation omitted). Waivers are generally enforced because, if they are not, "the covenant . . . becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). Accordingly, this Court has only held waivers unenforceable:

> (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence; [or] (5) where the waiver was unsupported by consideration.

*Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023) (cleaned up).

> Here, Graham's plea agreement included an appeal waiver providing that:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, *knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment between 360 months and life, a fine of $50,000 to $20,000,000, and a period of supervised release of 10 years, notwithstanding the manner in which the Court determines the sentence.* In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

> []The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

App'x 60–61 (emphasis added).

Graham does not contends that his waiver was unknowing or involuntary; rather, he argues that his claim of ineffective assistance of counsel does not fall within the scope of the waiver in his plea agreement. *See, e.g.*, Appellant Br. at 35 (arguing that "the waiver described in Graham's plea agreement does not apply to the issues presented herein"). He is mistaken. Graham asserts that his counsel's stipulation to the treatment of his prior conviction for third-degree robbery constituted ineffective assistance of counsel because it resulted in the inclusion of a 10-year term of supervised release in his sentence. By entering into the plea agreement, however, Graham waived his right to "appeal and collaterally attack *any component* of a sentence imposed by the Court which falls within or is less than a term of imprisonment between 360 months and life, . . . , and a period of supervised release of 10 years, notwithstanding the manner in which the Court determines the sentence." App'x 60 (emphasis added). Graham's current sentence, following his commutation, is for 150 months followed by 10 years of supervised release. *See* Dkt. 41 ("[T]he recent commutation order does not affect the imposed term of supervised release[.]"). Thus, on its face, the waiver precludes the instant challenge to the length of his term of supervised release—i.e., "a[] component of [his] sentence."[3]

The mere fact that Graham has asserted an ineffective assistance of counsel claim does not automatically permit him to escape the terms of his fairly bargained-for appeal waiver. When "the record does not permit assessment of [a] claim of ineffective assistance and its potential effect on

---

[3] Graham argues that, because the waiver provides that Graham waived his right to "appeal *and* collaterally attack" his sentence, it does not apply if Graham elects to either appeal *or* collaterally attack. It is true that the word "and" is subject to different interpretations. But in *Pulsifer v. United States*, the Supreme Court clarified (in the context of statutory interpretation) that the proper interpretation of the word "and" can only be determined "by reviewing text in context." 601 U.S. 124, 133 (2024). Specifically, "[t]he way a reader assigns meaning to the phrase is to look at the substance of . . . the items on the list and the way they interact, as against relevant background understandings." *Id.* at 140–41.

Here, the purpose of the waiver was to preclude Graham from both directly appealing or collaterally attacking his sentence should it fall within a certain favorable range. *See* App'x 172. Accordingly, Graham may not circumvent the waiver simply by electing to either appeal *or* collaterally attack his sentence, but not both.

[an] appeal waiver," a "defendant's undertaking not to appeal will be provisionally enforced as to any appellate claim that falls under the appeal waiver, unless and until he prevails (by a habeas petition) in proving that his appeal waiver should be voided because he received ineffective assistance of counsel." *United States v. Oladimeji*, 463 F.3d 152, 155 (2d Cir. 2006). "When and if he proves that contention, any such claim would be considered as a part of the habeas petition." *Id.* Graham's claim rests upon his trial counsel's stipulation that Graham's prior conviction qualified as a "serious violent felony," thereby subjecting him to increased penalties. But Graham has not argued, much less shown, that the appeal waiver itself was the result of ineffectiveness of counsel. Accordingly, we see no reason not to enforce the waiver. *See United States v. Monzon*, 359 F.3d 110, 118–19 (2d Cir. 2004) ("[An] appeal waiver would be unenforceable if the record of the criminal proceeding reveal[s] that the claim that *the waiver* was the result of ineffective assistance of counsel was meritorious." (emphasis added)). Because we find that Graham's appeal waiver precludes his claim for ineffective assistance of counsel, we do not reach the merits of his appeal.

\* \* \*

We have considered Graham's remaining arguments and find them to be without merit. Accordingly, this appeal from the judgment of the District Court is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5