09-5358-cr
United States v. Buissereth

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: February 17, 2011                                                    Decided: March 15, 2011)

Docket No. 09-5358-cr

UNITED STATES OF AMERICA,

        *Appellee*,

        v.

PIERRE BUISSERETH,

        *Defendant-Appellant*.

Before: CABRANES and CHIN, *Circuit Judges*, and CROTTY, *District Judge*.*

        Pierre Buissereth appeals from a November 9, 2009 judgment of conviction entered in the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*). Buissereth was sentenced principally to 100 months of imprisonment after pleading guilty to one count of possession with intent to distribute cocaine and five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). We hold that, notwithstanding errors by the District Court during Buissereth's sentencing proceeding, his appeal is foreclosed by a valid and enforceable appeal waiver in the written plea agreement entered into by Buissereth. Accordingly, the appeal is **DISMISSED**.

                MARSHALL A. MINTZ (Laura A. Oppenheim, *on the brief*), Mintz & Oppenheim LLP, New York, NY, *for Defendant-Appellant*.

                WILLIAM CAMPOS, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, *on the brief*, and Susan Corkery, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

---

     * The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant-appellant Pierre Buissereth appeals from a November 9, 2009 judgment of conviction entered by the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*), sentencing him principally to 100 months' imprisonment. Buissereth contends that his sentence is procedurally unreasonable in light of the District Court's failure to, among other things, (1) rule on Buissereth's various objections to the Presentence Investigation Report ("PSR"); (2) calculate a sentencing range under the Sentencing Guidelines; and (3) consider the relevant factors set forth in 18 U.S.C. § 3553(a). The government argues that because Buissereth knowingly and voluntarily signed a valid and enforceable appeal waiver as part of his written plea agreement, he has waived his right to appeal. We agree, and therefore dismiss the appeal.

## BACKGROUND

Pursuant to a written plea agreement dated March 17, 2009, Buissereth pleaded guilty to one count of possession with intent to distribute cocaine and five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) 841(b)(1)(B). The plea agreement calculated an anticipated Guidelines range of 100 to 125 months based on Buissereth's projected offense level and Criminal History Category. The plea agreement also contained an appeal-waiver provision, under which Buissereth agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 137 months or below." That is, Buissereth agreed not to appeal his sentence if the District Court sentenced him to 137 months' imprisonment or less. The District Court sentenced Buissereth to 100 months' imprisonment—the lowest possible sentence within the anticipated Guidelines range and well within the sentencing range contemplated by the appeal waiver.

2

At Buissereth's sentencing proceeding, the District Court began by addressing an issue that had recently surfaced with regard to Buissereth's legal counsel. After Buissereth's plea agreement had been executed, but before the sentencing hearing, one of Buissereth's attorneys (not the lead attorney) applied for a job in the United States Attorney's Office for the Eastern District of New York—the very office prosecuting Buissereth in this case. The District Court ascertained that Buissereth understood that this potential conflict of interest could have negatively affected his attorney's performance at sentencing. The District Court then verified that Buissereth had been fully informed by his attorneys about this matter and, in response to the District Court's inquiries, Buissereth confirmed that he continued to have "full faith" in the representation he was receiving.

The District Court then shifted its attention to Buissereth's sentence. Following presentations by counsel and Buissereth's allocution, the District Court, in relevant part, pronounced and explained its sentence as follows: "Taking into account everything that was said and the records in this case and of course all of [Buissereth's counsel's] eloquent arguments, the sentence will be as follows: 100 months custody . . . ." Subsequently, in its written judgment following the sentencing hearing, the District Court expressly adopted the findings of the PSR and identified an applicable Guidelines range consistent with that anticipated, if not stipulated, by the government and Buissereth in the plea agreement.

**DISCUSSION**

On appeal, Buissereth asserts that the appeal-waiver provision is unenforceable because the District Court failed to secure a valid waiver of his Sixth Amendment right to be represented by "conflict-free" counsel. It is well established that "whenever the possibility arises that a counsel's ability to represent a particular defendant has been tainted by a conflict of interest," *Williams v. Meachum*, 948 F.2d 863, 867 (2d Cir. 1991), trial courts should:

3

> advise the defendant of his right to . . . conflict-free representation, instruct the defendant as to problems inherent in being represented by an attorney with divided loyalties, allow the defendant to confer with his chosen counsel, encourage the defendant to seek advice from independent counsel, and allow a reasonable time for the defendant to make his decision.

*United States v. Curcio*, 680 F.2d 881, 890 (2d Cir. 1982); *see also United States v. Iorizzo*, 786 F.2d 52, 59 (2d Cir. 1986). In evaluating a district court's fidelity to this guidance, however, "we are more concerned with whether the defendant appreciated his predicament and made a properly informed choice than we are with whether the trial judge recited any particular litany of questions." *United States v. Jenkins*, 943 F.2d 167, 176 (2d Cir. 1991).

Here, the record reveals that the District Court properly ensured that Buissereth was fully informed of the potential conflict of interest involving one of his attorneys and that Buissereth's subsequent waiver of this issue was both "knowing" and "intelligent." *Williams*, 948 F.2d at 867. Like the defendant in *Jenkins*, "[i]t is abundantly clear from [Buissereth's] responses to Judge [Feuerstein's] questions that [Buissereth] completely understood the potential risks arising from [his counsel's] application to the U.S. Attorney's Office." *Jenkins*, 943 F.2d at 176. Accordingly, we reject Buissereth's argument that the appeal-waiver provision is unenforceable because of counsel's purported conflict of interest.

Buissereth also argues that the appeal-waiver provision is unenforceable because the sentencing court abdicated its "judicial responsibility" by failing to make rulings and findings at his sentencing hearing. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Although this argument fails, we cannot help but observe that Buissereth's sentencing hearing left much to be desired. Among other things, the District Court failed to (1) rule on the numerous filed objections to the PSR; (2) rule on the requests for downward departures and a variance; (3) adopt the findings of the PSR; (4) mention, much less articulate its consideration of, the relevant factors set forth in 18 U.S.C. § 3553(a); or (5) calculate

4

an applicable sentencing range under the Sentencing Guidelines. In its written judgment following the sentencing hearing, the District Court did expressly adopt the findings of the PSR and identify the applicable sentencing range. While this was helpful, the District Court still did not do all that it should have. Where, as here, the Guidelines range exceeds 24 months, the sentencing court has a statutory obligation "at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Moreover, while adopting the findings of the PSR is ordinarily sufficient to satisfy § 3553(c), the findings must be adopted in "open court." *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004).

While Buissereth's appeal waiver did not relieve the District Court of its responsibility to follow the procedural requirements related to the imposition of a sentence, the appeal waiver does preclude this Court from correcting the errors alleged to have occurred below.[1] *See United States v. Arevalo*, 628 F.3d 93, 97 (2d Cir. 2010) (holding that the district court's failure to make findings regarding disputed portions of the PSR did not render the appeal waiver unenforceable); *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) ("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." (quotation marks omitted)); *United States v. Yemitan*, 70 F.3d 746, 747-48 (2d Cir. 1995) (upholding plea waiver where the Guidelines range exceeded 24 months and the sentencing court failed to state reasons for imposing sentence as required by § 3553(c)).

An appeal waiver, however, does have some limits. As we have held:

[A] defendant may have a valid claim that the waiver of appellate rights is unenforceable . . . when [1] the waiver was not made knowingly, voluntarily, and competently, [2] when the

---

[1] In relevant part, the appeal waiver contained in the plea agreement of March 17, 2009, states: "[Buissereth] agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 137 months or below. This waiver is binding without regard to the sentencing analysis used by the Court."

5

sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, [3] when the government breached the plea agreement, or [4] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus."

*Gomez-Perez*, 215 F.3d at 319 (quotation marks and citations omitted).

**Indeed,** because "[p]lea agreements are subject to the public policy constraints that bear upon the enforcement of other kinds of contracts," we have recognized that "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." *Yemitan*, 70 F. 3d at 748 (quotation marks omitted). "At some point . . . an arbitrary practice of sentencing without [proffered] reasons would amount to an abdication of judicial responsibility subject to mandamus," and the appeal waiver will not be enforced. *Id.* This case, however, does not present such an extraordinary circumstance. Although the District Court should have made explicit findings and rulings and explained its sentence in open court, it is apparent from the transcript of the sentencing hearing that the District Court gave due consideration to Buissereth's sentencing arguments. Indeed, the sentence of 100 months' imprisonment was reasonably foreseeable at the time of Buissereth's plea and undoubtedly taken into account by Buissereth and his counsel in entering the plea agreement. Thus, the sentence imposed surely was not "fundamentally unfair," *Gomez-Perez*, 215 F.3d at 320.

## CONCLUSION

We have considered all of Buissereth's arguments and find them to be without merit. Buissereth's appeal is hereby **DISMISSED**.