10-4866-cr
United States v. Kelly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
            ROBERT D. SACK,
            REENA RAGGI,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                          10-4866-cr

JOHN RAMIREZ,
        <u>Defendant</u>

JONATHAN KELLY,
        <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:** Robert Peter LaRusso, Mineola, New York.

**FOR APPELLEES:** Susan Corkery, Berit W. Berger, *for* Loretta E. Lynch, United States Attorneys Office for the Eastern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jonathan Kelly appeals from a judgment of conviction, following a guilty plea to one count of sex trafficking of a minor and one count of conspiracy to engage in sex trafficking. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Kelly pled guilty with the benefit of a plea agreement in which he agreed "not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 188 months or below." The district court imposed a sentence of 188 months. Kelly appeals the procedure the district court used in reaching this sentence. As explained below, Kelly waived the right to make such an appeal.

**[1]** Kelly argues that the district court erred by not determining the applicable Sentencing Guidelines range. However, though an appeal waiver does "not relieve the District Court of its responsibility to follow the procedural requirements related to the imposition of a sentence, the appeal waiver does preclude this Court from correcting the errors alleged to have occurred below." <u>United States v. Buissereth</u>, 638 F.3d 114, 117 (2d Cir. 2011). One such error is a district court's failure to "calculate an applicable sentencing range under the Sentencing Guidelines." <u>Id.</u> Accordingly, Kelly, by agreeing to an appeal waiver, waived his right to make such an appeal.

**[2]** Kelly argues that the district court erred by adopting a presentence investigative report ("PSR") that was factually

2

inaccurate.  The PSR contained an enhancement for "the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor," pursuant to U.S.S.G. § 2G1.3(b)(3)(B), which the government agreed was inapplicable.  The PSR also contained a role adjustment for acting as "organizer, leader, manager, or supervisor in any criminal activity," pursuant to U.S.S.G. § 3B1.1(c), on which the government took no position.

We are "aware of no case that has held that the mere existence of inaccurate information in a presentence report, rather than a district court's reliance on such information in sentencing . . . is an error sufficient to void an appeal waiver." United States v. Arevalo, 628 F.3d 93, 99 (2d Cir. 2010).

Here, the district court did not rely on the PSR.  In its written judgment, the court did check a box accepting the PSR.  But while the PSR, with the possible inaccuracies, recommended a Guidelines range of 235 to 293 months, the court sentenced Kelly to 188 months.  In reaching this sentence, the court repeatedly stated that it was looking to the plea agreement.  Any inaccuracies in the PSR therefore did not impact Kelly's sentence.

**[3]** Kelly argues that the enhancement in the plea agreement for undue influence of a minor to engage in prohibited sexual conduct, pursuant to U.S.S.G. § 2G1.3(b)(3)(B), is not factually supported when the minor was already reduced to prostitution, and that the district court erred by ignoring his objection and by basing the sentence on the plea agreement that contained the objectionable enhancement.

Regardless of whether the enhancement was supported, Kelly waived the challenge.  In Arevalo, this Court stated that a defendant's "waiver of his right to 'challenge . . . [his] . . . sentence' plainly includes a waiver of his right to claim errors arising out of the District Court's crafting of [his] sentence." 628 F.3d at 97 (internal citations omitted) (ellipses and brackets in original).  This is so because "[p]lea agreements are construed according to contract law principles." United States v. Yemitan, 70 F.3d 746, 747 (2d Cir. 1995).  Kelly agreed to waive all appeals for a sentence of 188 months or below, and the court sentenced Kelly to 188 months.  Even if a plea agreement contains a "mutual mistake," it is enforceable. United States v. Rosen, 409 F.3d 535, 548 (2d Cir. 2005).

Finding no merit in Kelly's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK