10-2211-cr
*USA v. Stein*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges*,
 J. GARVAN MURTHA,
  *District Judge.*\*

_____

UNITED STATES OF AMERICA,

 *Appellee*,

 -v.-                                    10-2211-cr

RONALD STEIN,

 *Defendant-Appellant.*

_____

---

 \* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:      PAULA SCHWARTZ FROME, Garden City, NY.

FOR APPELLEE:      ALLEN L. BODE, Assistant U.S. Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the government's motion to dismiss is **GRANTED.**

Defendant-Appellant, Ronald Stein, ("Appellant") appeals from a judgment of conviction entered on May 28, 2010, in the United States District Court for the Eastern District of New York (Platt, *J.*). Appellant pleaded guilty to one count of transportation of images involving the sexual abuse of a minor in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1). The district court sentenced Stein to 151 months' imprisonment, a sentence Stein appeals as being procedurally and substantively unreasonable.

Appellant pleaded guilty pursuant to a plea agreement in which he waived his right to appeal a sentence of 210 months' imprisonment or below. Stein now argues that the appeal waiver is unenforceable because the district court

relied on impermissible factors in sentencing him to the low end of the applicable Guidelines range.  Specifically, Stein contends that the district court abdicated its judicial responsibility because the court based its sentence on the mistaken belief that the Guidelines were presumptively reasonable.

We held in *United States v. Buissereth*, 638 F.3d 114 (2d Cir. 2011), that although an appeal waiver does "not relieve the District Court of its responsibility to follow the procedural requirements related to the imposition of a sentence, the appeal waiver does preclude this Court from correcting the errors alleged to have occurred below." *Id.* at 117.  Here, the sentencing hearing left much to be desired, and the district judge used less-than-ideal language, but it is evident that, contrary to Stein's contentions, the judge was aware of the fact that the Guidelines are neither mandatory nor presumptive. Furthermore, the court noted that it had considered the facts of the case and the materials presented with regard to sentencing and found that a within-Guidelines sentence was appropriate.  Based on our review of the sentencing transcript, we find no extraordinary circumstances like

those mentioned in *Buissereth* that would warrant our finding the appeal waiver unenforceable.  Therefore, because we concluded that Stein's appeal waiver is enforceable and his sentence fell well below the top of the Guidelines range provided for in the plea agreement, we grant the government's motion to dismiss his appeal as barred by the waiver of appellate rights contained in the plea agreement.

For the foregoing reasons, the government's motion to dismiss is hereby **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4