12-33-cr
United States v. Reddy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand thirteen.

PRESENT: CHESTER J. STRAUB,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                     No. 12-33-cr

DEVI REDDY,
*Defendant-Appellant*.

------------------------------------------------------------------------


FOR APPELLANT:            Edward J. McQuat, The Blanch Law Firm, New York, New York.

FOR APPELLEE:             Ryan P. Poscablo, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the judgment entered on December 20, 2011, is DISMISSED.

Former licensed physician Devi Reddy seeks vacatur of the below-Guidelines 60-month prison term imposed for his participation in a conspiracy to distribute controlled substances without medical justification. See 21 U.S.C. §§ 812, 841(a), 841(b)(1)(C). In pursuing this appeal, Reddy confronts a high hurdle: his plea agreement waiver of the right to appeal or otherwise to challenge a prison sentence at or below 108 months. Reddy contends that the waiver is not binding here because he failed to receive constitutionally effective assistance of counsel in connection with both his guilty plea and his sentence. See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 690–92 (1984). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to dismiss the appeal.

The law in this circuit is clear that "in no circumstance may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009) (alterations and internal quotation marks omitted); see also United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (holding that even "meaningful errors are insufficient to void an appeal waiver" where sentence neither is based on unconstitutional factors nor represents abdication of judicial

responsibility); United States v. Buissereth, 638 F.3d 114, 117 (2d Cir. 2011). This rule pertains to claims of ineffective assistance of counsel, unless the record convincingly shows that the waiver itself was the result of ineffective assistance. See United States v. Monzon, 359 F.3d 110, 118–19 (2d Cir. 2004) (stating further that any record ambiguity as to merits of ineffective assistance claim should be resolved in favor of enforcing waiver and dismissing appeal); accord United States v. Oladimeji, 463 F.3d 152, 155 (2d Cir. 2006).

Here, the record does not support a conclusion that the waiver of appellate rights was a product of counsel's ineffective assistance or that it is otherwise invalid. See, e.g., United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). At the plea allocution, Magistrate Judge Gorenstein specifically asked Reddy whether he was satisfied with counsel's representation, whether he was pleading guilty voluntarily, and whether he understood that, under the plea agreement, he was giving up the right to appeal or otherwise challenge a sentence of 108 months or less. Reddy answered all of these questions in the affirmative. Further, in advising Reddy of his appellate rights at sentencing, Judge Berman reiterated the plea agreement provision waiving the right to appeal a sentence within or below the range of 87 to 108 months. He then asked whether Reddy understood his appeal rights, to which Reddy answered yes.

Reddy nevertheless maintains that he should be excused from his waiver because counsel (1) induced Reddy's guilty plea with unwarranted promises of a non-incarceratory sentence, including by representing that the government would seek a downward departure due to Reddy's attempts at cooperation; (2) stipulated to a higher drug quantity than was

3

warranted; (3) failed to object to the district court's quantity calculation at sentencing; and (4) failed to argue for mitigation of sentence based on Reddy's loss of his medical license and practice. The last two omissions, postdating the plea, cannot have rendered involuntary the waiver of appellate rights in the plea agreement. Nor can such a conclusion be drawn from counsel's purported ineffectiveness in stipulating to the challenged drug quantity calculations as Reddy himself fails to draw any causal connection between the two matters.

Insofar as Reddy claims that counsel induced his guilty plea with promises of a non-incarceratory sentence, such an argument, if successful, would reasonably extend to the plea agreement's appellate waiver. The appropriate relief would not simply be vacatur of Reddy's sentence, however, but vacatur of his guilty plea, thereby putting both him and the prosecution back in the positions they were in before the invalid plea was entered. See generally United States v. Cimino, 381 F.3d 124, 128 (2d Cir. 2004) (holding that entire plea agreement may be unenforceable where repudiated in part by defendant); United States v. Liguori, 430 F.2d 842, 851 (2d Cir. 1970) (Lumbard, C.J., concurring) (observing that defendant contesting guilty plea may not selectively assert benefits of bargain while avoiding "reciprocal burden"). It is by no means clear that Reddy seeks such relief. We need not pursue this matter because, in any event, the alleged ineffectiveness of counsel in inducing entry into the plea agreement is hardly clear on the record before us.

At his plea allocution, Reddy stated under oath that no promises had been made to get him to plead guilty other than those in the written plea agreement, a document that provided

4

no assurance of a non-incarceratory sentence.[1]  A defendant cannot easily walk away from such "[s]olemn declarations in open court," which, as the Supreme Court has instructed, are accorded such "a strong presumption of verity" that subsequent, contrary "conclusory allegations" are "subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Whether Reddy can produce more than conclusory allegations both to support the claim that his guilty plea was induced by counsel's unwarranted promises of a non-incarceratory sentence and to explain his contrary sworn statement at the time of his plea are not matters warranting further examination on this direct appeal.  Any such claims that can be made in good faith are better presented in a habeas corpus petition under 28 U.S.C. § 2255.  See Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Oladimeji, 463 F.3d at 154.

We conclude on the record before us that Reddy cannot appeal the 60-month sentence imposed in this case because he has failed to offer any meritorious argument for excusing him from his plea agreement waiver of the right to appeal a sentence at or below 108 months.

Accordingly, the appeal is hereby DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] We further note that on none of the occasions on which Reddy was afforded an opportunity to speak at sentencing, even after Judge Berman stated that a non-incarceratory sentence was "out of the question," Sentencing Tr. 6, did Reddy indicate that he had relied on the promise of such a sentence in pleading guilty.

5