*United States of America v. Baig*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of June, two thousand sixteen.

PRESENT:  JON O. NEWMAN
                 RICHARD C. WESLEY,
                 CHRISTOPHER F. DRONEY,
                     *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

                     *Appellee*,

      v.                                       15-2010

BUSHRA BAIG, ZAHID BAIG, RAMON NANAS, TARIQ RANA, MALIK YOUSAF, SHANNAWAZ BAIG,

                     *Defendants*,

1

FARRUKH BAIG,

*Defendant - Appellant.*

_____

FOR APPELLANT:           NORMAN TRABULUS, Law Office of Norman
                         Trabulus, New York, NY.

FOR APPELLEE:            CHRISTOPHER OTT, Assistant United States
                         Attorney (Amy Busa, *on the brief*), *for* Robert L.
                         Capers, United States Attorney for the Eastern
                         District of New York, Brooklyn, NY.

Appeal from the United States District Court from the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant-Appellant Farrukh Baig ("Baig")[1] pled guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. §§ 1343, 1349, and one count of conspiracy to conceal and harbor aliens for financial gain, 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(l)(B)(i), for his role in a scheme designed to generate

---

[1] Although the Appellant's brief also lists Shannawaz Baig as an Appellant in this case, Shannawaz Baig's appeal was severed from this case, and is docketed at 15-3328.

profit from the employment of undocumented aliens at various 7-Eleven franchise stores in Suffolk County, New York. Baig and his co-conspirators transmitted false payroll information to the 7-Eleven franchisor about the identities of the employees actually working at the stores and their hours, and then retained portions of the wages earned by the undocumented aliens. Baig was sentenced to a term of 87 months' imprisonment, the top of his applicable Guidelines range, and three years of supervised release. Consistent with Baig's plea agreement, the District Court also ordered that Baig pay $2,621,114.97 in restitution.

Baig argues for the first time on appeal that the Government breached the plea agreement through its sentencing recommendation. Baig also challenges, for the first time, the portion of the District Court's judgment ordering him to pay restitution. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## DISCUSSION

Where, as here, a defendant fails to preserve an objection to the Government's purported breach of a plea agreement the issue is reviewed for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Plain error review

3

permits relief where (1) there is "error," (2) the error "is plain," (3) the error "affect[s] substantial rights," and (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014) (internal quotation marks omitted). Likewise, "where, as here, a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012). "[I]mproperly ordered restitution constitutes an illegal sentence amounting to plain error." *United States v. Fiore,* 381 F.3d 89, 98 (2d Cir. 2004) (internal quotation marks omitted).

## I. Breach of Plea Agreement

Baig's plea agreement calculated his Guidelines range to be 97 to 121 months' imprisonment. App'x 44. The plea agreement noted that the Guidelines estimate was not binding, and that "[i]f the Guidelines offense level advocated by the [United States Attorney's] Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement." App'x 44. By signing the agreement, the Government agreed that

4

it would "take no position concerning where within the Guidelines range determined by the Court the sentence should fall" and "make no motion for an upward departure under the Sentencing Guidelines." App'x 54.[2]

Baig's pre-sentence report ("PSR") calculated his Guidelines range to be 87 to 108 months' imprisonment. This estimate did not include the two-level global resolution reduction included in the plea agreement. Including this reduction, the resulting guidelines range was 70 to 87 months.

Prior to sentencing, the Government submitted a sentencing memorandum that stated that it "has no objection to the Court's application of the lower range set forth in the PSR." App'x 76. At a later point in the memorandum, the Government "ask[ed] the Court to follow the lower Guidelines calculation utilized within the PSR" and stated that "[f]or that reason, and consistent with the Section 3553(a) factors, the government submits that a sentence between 97 and 121 months would be appropriate for this specific defendant." App'x 81. The latter half of this second portion of the quoted statement was an inadvertent

---

[2] The plea also included an appeal waiver that provided that Baig would not "appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 135 months or below." App'x 45. The appeal waiver does not bar our consideration of this issue because if the government breached the plea agreement, Baig's waiver of appellate rights is unenforceable. *United States v. Buissereth*, 638 F.3d 114, 118 (2d Cir. 2011).

mistake: the PSR included the 87 to 108 month sentence range, prior to another possible reduction for the global plea agreement, which reduced it to 70 to 87 months' imprisonment. The Government corrected this error at sentencing, clarifying that it asked the District Court to "follow the presentence report's guideline range, which is 70 to 87 months." App'x 111.

The District Court sentenced Baig to 87 months' imprisonment, the top of his applicable Guidelines range but ten months below the Guidelines estimate provided in his plea agreement and forty-eight months below the sentence specified in his appellate waiver. Baig asserts that the Government breached its plea agreement by "'submit[ting]' that an 'appropriate' sentence would be higher than Baig's acknowledged Guideline range." Appellant Br. 36. We disagree. The Government did not "take [a] position concerning where within the Guidelines range determined by the Court the sentence should fall" or "make [a] motion for an upward departure under the Sentencing Guidelines," and thus it did not violate the plea agreement. App'x 54. The Government's inadvertent mistake could be construed as advocating for the *initial Guidelines estimate* provided in the plea agreement—97 to 121 months' imprisonment—yet even that permissible advocacy was repudiated by the Government's repeated request for

6

the "application of the lower range set forth in the PSR" in its sentencing memorandum and request for a 70 to 87 month sentence at the sentencing hearing. App'x 76, 81; *see also United States v. Riera*, 298 F.3d 128, 135–36 (2d Cir. 2002) (finding that the Government did not breach the plea agreement obligation not to suggest a departure where its sentencing "letter did not explicitly advocate a departure" and where, to repudiate "any possible implicit message of advocacy in the letter, the government soon thereafter and repeatedly told the district court that it had not intended to advocate and was not advocating a departure"). Accordingly, the Government did not breach the plea agreement.

## II.    Restitution

In the plea agreement, Baig agreed to pay $2,621,114.97 in restitution to "pay the back wages of the employees described in the Indictment" pursuant to the Victim Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, and the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. The District Court ordered Baig to pay $2,621,114.97 in restitution, the precise figure agreed upon in the plea agreement.

Critically for this case, the VWPA provides that the Court "may also order restitution *in any criminal case to the extent agreed upon by parties in a plea agreement*."

18 U.S.C. § 3663(a)(3) (emphasis added). Here, the parties agreed to the restitution amount that the District Court ultimately ordered in the plea agreement, and the District Court was authorized to impose restitution for that amount. Baig's arguments to the contrary are unavailing.

However, Baig is correct, as the Government concedes, that the victims listed at Appendix 1 do not appear to be franchise employees. The Government agrees that the restitution portion of the judgment must be modified to eliminate any obligation to compensate the four individuals listed on Appendix 1, which relates to a separate case and which the Government inadvertently attached to its letter providing the identities of Baig's employee victims. Accordingly, we vacate and remand for correction of that part for correction of the judgment as specific in this order.

We have considered Baig's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, and **VACATE** and **REMAND** in part for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8