17-282-cr
United States v. Duarte

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
                 *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

       v.                                          No. 17-282-cr

ALEXANDER DUARTE, AKA CABEZA,

       *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: DAVID J. WILLIAMS, Jarvis, McArthur & Williams LLC, Burlington, VT.

FOR APPELLEE: LAURA HIGGINS, Assistant United States Attorney (Tiffany H. Lee, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a January 24, 2017 judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal is DISMISSED.

Alexander Duarte appeals from a judgment of conviction entered by the District Court (Vilardo, <u>J.</u>) after a plea of guilty pursuant to a plea agreement. Duarte argues that his sentence is procedurally unreasonable because the District Court failed to explain why it imposed a sentence that is 90 months longer than the sentence Duarte's co-conspirator received for substantially similar conduct. The Government responds that Duarte's sentencing challenge is barred by the terms of the appeal waiver in his plea agreement and that, in any event, his sentence is reasonable.   We assume the parties' familiarity with the underlying

facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss this appeal in view of Duarte's valid appeal waiver.

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). They are "unenforceable only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." Id. (quotation marks omitted).

Duarte first argues that he did not knowingly and voluntarily waive his right to appeal because the District Court failed to inform him that he was giving up his right under 18 U.S.C. § 3742(a)(1) to appeal a sentence "imposed in violation of law." We reject this argument. The waiver specifically references § 3742 and explains that Duarte is giving up his right to appeal under that statute. In addition, during Duarte's guilty plea proceedings, the District Court explained the terms of the appeal waiver, and Duarte confirmed that he

3

understood. The record thus "clearly demonstrates that the waiver was . . . knowing (in the sense that the defendant fully understood the potential consequences of his waiver)." United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996) (quotation marks omitted).

Duarte also argues that the appeal waiver is unenforceable because the District Court failed to "state in open court the reasons for its imposition" of Duarte's sentence, as required by 18 U.S.C. § 3553(c)(1). Duarte further claims that the District Court was required under 18 U.S.C. § 3553(a)(6) to address why it imposed a sentence that was longer than his co-conspirator's sentence, but that it failed to do so. We disagree. As Duarte acknowledges, this is not a case in which the sentencing court "failed to enunciate any rationale" for the sentence. Arevalo, 628 F.3d at 98 (quotation marks omitted). To the contrary, the District Court gave several reasons to justify Duarte's sentence, including that Duarte had committed "a serious drug offense" involving "a serious firearm," in which "a life was taken." App'x 110. Allegations that the District Court failed specifically to address the § 3553(a)(6) sentencing factor do not present one of the "limited situations" that prompt us to ignore an appellate waiver. Arevalo, 628

4

F.3d at 98; see United States v. Buissereth, 638 F.3d 114, 117 (2d Cir. 2011).[1]

We have considered Duarte's remaining arguments and conclude that they are without merit.   For the foregoing reasons, Duarte's appeal is hereby DISMISSED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We would also reject Duarte's argument relating to § 3553(a)(6) on the merits.   The District Court was not required to explain why it imposed a longer sentence on Duarte than the sentence his co-conspirator received.   See United States v. Banks, 464 F.3d 184, 190 (2d Cir. 2006).   "[S]ection 3553(a)(6) requires a district court to consider nationwide sentence disparities, but [it] does not require a district court to consider disparities between co-defendants."   United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008).