22-1802-cr
United States v. Walker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
                    *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

      v.                                                    No. 22-1802-cr

JAQUAN WALKER,

        *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: James P. Egan, Assistant Federal Public Defender, Northern District of New York, Syracuse, NY

FOR APPELLEE: Steven D. Clymer, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Jaquan Walker appeals from an August 12, 2022 judgment of conviction entered by the District Court (Kahn, *J.*) upon his plea of guilty, pursuant to a plea agreement, to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1),924(a)(2). Under the plea agreement, Walker waived his right to appeal "[a]ny sentence to a term of imprisonment of 46 months or less." App'x 17. The District Court sentenced Walker principally to a term of 44 months' imprisonment after applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another

2

felony offense. On appeal, Walker challenges his sentence as procedurally unreasonable, arguing that the District Court's application of the four-level enhancement was error. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss the appeal.

"This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020). Walker argues that the appeal waiver in his plea agreement was not knowing and voluntary because the District Court "failed to inform Walker (fully or at all) that he was waiving his right to appeal his sentence," as the Government acknowledges is required under Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure. *See* Appellant's Br. 13. Because Walker did not object in the District Court, we review for plain error. *See United States v. Cook*, 722 F.3d 477, 482 (2d Cir. 2013).

We conclude that Walker has failed to satisfy the plain error standard. Specifically, Walker fails to show that any error "affected substantial rights and that there is a reasonable probability that, but for the error, he would not have

3

entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quotation marks omitted); *see United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016) ("[D]eviations from Rule 11 will not warrant appellate relief when the defendant's 'substantial rights' have not been affected."). The Government acknowledges that the District Court did not itself "inform the defendant of, and determine that the defendant understands," the appeal waiver, as required by Rule 11(b)(1)(N). *See* Appellee's Br. 15. That omission, however, does not here warrant relief from judgment because Walker has not argued that any error prejudicially affected his substantial rights. To the contrary, Walker pleaded guilty after the Government stated in open court that "the waiver of appeal is set at 46 months," App'x 43, and after Walker affirmed both that his attorneys explained "what was just said by the US Attorney," that is, "the guidelines, the sentencing possibilities," and that he had "read [the plea agreement], underst[ood] it, and ha[d] it explained to [him] by [his] attorneys," App'x 45. Accordingly, we conclude that the appellate waiver is enforceable.[1] *See Cook*, 722

---

[1] We note that this Court has never squarely held in a precedential opinion that a district court's failure to comply with Rule 11(b)(1)(N) automatically renders an appeal waiver in a plea agreement unknowing or involuntary. Nevertheless, district courts are

F.3d at 482 (enforcing appellate waiver on plain error review where prosecutor stated the terms of the waiver on the record and defendant confirmed his understanding).

We also reject Walker's alternative argument that the appellate waiver in his plea agreement "does not cover any guideline application" or bar challenges to his sentence based on "procedural error[s] affecting how the district court arrived at the selected sentence." Appellant's Br. 13. While appeal waivers "[do] not relieve the District Court of its responsibility to follow the procedural requirements related to the imposition of a sentence," they "do[] preclude this Court from correcting the errors alleged to have occurred below." *United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011).

Because the appeal waiver is enforceable and bars Walker's challenge to the District Court's application of the Guidelines enhancement, we dismiss

---

required to "inform the defendant of, and determine that the defendant understands," the appeal waiver. FED. R. CRIM. P. 11(b)(1); *see Pattee*, 820 F.3d at 503 ("[D]istrict court judges are required to adhere strictly to Rule 11's requirements."). And as we have "repeatedly [] advised," "[t]echnical errors can be avoided if a district or magistrate judge has a standard script for accepting guilty pleas, which covers all of the required information." *Pattee*, 820 F.3d at 503.

Walker's appeal. *See United States v. Gomez-Perez*, 215 F.3d 315, 321 (2d Cir. 2000).

For the foregoing reasons, the appeal is DISMISSED.

<div align="center" style="margin-left:45%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>