22-1871-cr
*United States v. Ovalle-Then*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> ALISON J. NATHAN,
> *Circuit Judges*.

———————————————————————

United States of America,

> *Appellee*,

> v.                                                                22-1871-cr

Samile Ovalle-Then, AKA Samil J. Ovalle,

> *Defendant-Appellant*.

———————————————————————

FOR DEFENDANT-APPELLANT:         Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

FOR APPELLEE:         Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Samile Ovalle-Then appeals from the district court's judgment, entered on August 26, 2022, following his guilty plea pursuant to a plea agreement, to illegal re-entry after a conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Ovalle-Then to fifteen months' imprisonment followed by one year of supervised release. Ovalle-Then challenges the procedural reasonableness of the sentence only as it pertains to the imposition of the term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

As a threshold matter, we conclude that, due to the waiver of right to appeal in his plea agreement, Ovalle-Then has waived any argument that the district court committed procedural error when it imposed the term of supervised release. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). Waivers are found to be unenforceable "only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any

2

rationale for the defendant's sentence." *Id.* (internal quotation marks omitted).[1] Thus, these exceptions "occupy a very circumscribed area of our jurisprudence," and "we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000); *accord United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020).

In his plea agreement, Ovalle-Then "waive[d] . . . any and all rights . . . to appeal . . . [a]ny sentence to a term of supervised release within the maximum permitted by law." App'x at 13–14. Here, the statutory maximum term of supervised release permitted by law is three years. *See* 8 U.S.C. § 1326(b)(2); 18 U.S.C. §§ 3583(b)(2), 3559(a)(3). Thus, the imposition of a one-year term falls within the appellate waiver as to his supervised release term.[2] The record also demonstrates that this waiver was made knowingly, voluntarily, and competently. At the plea proceeding, the district court advised Ovalle-Then of the appeal waiver provision, and he confirmed that the provision was translated to him, that he discussed it with his attorney, and that he understood it. He also confirmed that no one had threatened him or, apart from what was contained in the plea agreement, made any promises to him to induce him to plead guilty or sign the agreement. Ovalle-Then has made no argument as to why any exception to enforcement of

---

[1] Moreover, the waiver of appeal in a plea agreement is governed by contract law principles and, thus, is unenforceable if the agreement lacked consideration. *See United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018).

[2] We note that Ovalle-Then's fifteen-month term of imprisonment exceeded the waiver in the plea agreement of his right to appeal a term of imprisonment of twelve months or less. However, Ovalle-Then does not challenge the term of imprisonment on appeal, and, thus, that component of his sentence does not affect the enforceability of the appellate waiver as it relates to his term of supervised release.

3

the waiver should apply (and, in fact, did not address the appeal waiver in his briefing), nor has our own independent review of the record identified any basis for not enforcing the waiver. And although Ovalle-Then challenges the one-year term of supervised release as procedurally unreasonable, this Court has repeatedly enforced appeal waivers in the face of similar procedural challenges. *See, e.g.*, *United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011); *United States v. Yemitan*, 70 F.3d 746, 747–48 (2d Cir. 1995). Accordingly, Ovalle-Then's plea agreement is enforceable and precludes this procedural challenge to his term of supervised release.

Even if we were to ignore his appellate waiver and consider his challenge, we would reject his claim on the merits. Ovalle-Then contends that the district court's imposition of a one-year term of supervised release is procedurally unreasonable because the district court failed to consider the Guidelines pertaining to supervised release or other factors listed in 18 U.S.C. § 3553(a). In particular, Ovalle-Then asserts that the district court "did not adequately explain why it was imposing a term of supervised release in contravention of U.S.S.G. § 5D1.1(c)." Appellant's Br. at 8. We find that argument unpersuasive.

We review a district court's sentencing decisions for reasonableness under a deferential abuse-of-discretion standard. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam). We have found procedural error where "the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Where, as here, a defendant failed to raise the procedural objection at sentencing, we review for

4

plain error. [3] *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017); *see also United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam) (applying "[r]igorous plain error analysis" where a defendant failed to object to a district court's failure to explain why supervised release was warranted in light of Section 5D1.1(c)).

Contrary to Ovalle-Then's assertion, the district court adequately explained why it imposed a term of supervised release. To be sure, Section 5D1.1(c) provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." The Guidelines Commentary for Section 5D1.1(c) further notes that supervised release is unnecessary unless a defendant legally returns to the United States because "[i]f such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution." § 5D1.1 cmt. n. 5. Importantly, although that advisory guidance "ordinarily" applies, the Commentary further explains that "[t]he court should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.*

Here, the district court noted that it had considered the Sentencing Guidelines and, utilizing the precise language contained in Section 5D1.1(c), specifically acknowledged that "a term of

---

[3] Plain error exists "only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

supervised release is not required by statute" and that Ovalle-Then was a "deportable alien who will likely be deported after imprisonment." App'x at 89. The district court then explained that, notwithstanding Ovalle-Then's deportability, it was imposing a term of supervised release "due to [his] criminal history and the fact that [he] returned to the United States while under a term of federal supervised release."[4] *Id.* That reasoning, which implicated the need to protect the public and to deter the defendant, was sufficient to explain the basis for the district court's exercise of its discretion in imposing a term of supervised release despite Ovalle-Then's anticipated deportation.[5] *See also Alvarado*, 720 F.3d at 159 (holding that, even though "Section 5D1.1(c) was not explicitly discussed at the sentencing hearing," the district court's explanation that defendant was particularly likely to re-enter the country unlawfully in the future was sufficient to support the imposition of a term of supervised release); *United States v. Margiotti*, 85 F.3d 100, 105 (2d Cir. 1996) (per curiam) (noting that, in the context of sentencing, the "district court's failure to expressly invoke [the specific Guidelines provision] or its accompanying commentary cannot itself suggest that the court's approach was in error"). In short, we conclude that the district court did not err, much less plainly err, in imposing the term of supervised release.

---

[4] In 2019, Ovalle-Then was convicted in federal court for conspiring to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951, in connection with his participation in several armed robberies. He was sentenced principally to a forty-month term of imprisonment and a three-year term of supervised release. On August 17, 2021, he was removed to the Dominican Republic. On or about December 28, 2021, while still on supervised release, he re-entered the United States.

[5] The district court also generally stated that it had considered the Section 3553(a) factors in imposing the sentence and, as part of its weighing of those factors, noted that it had "consider[ed] the fact that this was, this is a serious criminal record, conspiracy to commit a Hobbs Act robbery, and that [he] came back to the United States within four months after having been deported as a result of that conviction." App'x at 88.

\* \* \*

We have considered Ovalle-Then's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court